UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRIS HANSEN,

                              Plaintiff,

v.                                                   1:17-cv-1134
                                                                  (TWD)

WARREN COUNTY and PEYTON OGDEN,

                              Defendants.
_____

APPEARANCES:                                               OF COUNSEL:

OFFICE OF MARTIN J. MCGUINNESS           MARTIN J. MCGUINNESS, ESQ.
*Attorneys for Plaintiff*

JOHNSON & LAWS, LLC                              GREGG T. JOHNSON, ESQ.
*Attorneys for Defendants*                                    APRIL J. LAWS, ESQ.

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## DECISION AND ORDER

**I. INTRODUCTION**

Plaintiff Chris Hansen ("Plaintiff" or "Hansen") commenced this action pursuant to 42 U.S.C. § 1983 and New York state law against Defendants Warren County and Sheriff's Deputies Peyton Ogden ("Ogden") and Daniel Habshi ("Habshi"). (Dkt. No. 2.) After motion practice, only Plaintiff's Fourth Amendment excessive force claim against Ogden and state law battery claims against Ogden and Warren County remained for trial. (Dkt. Nos. 30, 52.) On November 18, 2019, following a four-day trial, including approximately eight-hours of deliberations, the jury rendered a verdict in favor of Defendants. (Dkt. No. 79.) Judgment was entered in favor of Defendants on November 19, 2019. (Dkt. No. 84.)

y
z
w

Currently pending before the Court are: (1) Plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure ("Rule 59") and Defendants' motion for a bill of costs pursuant to Rule 54 of the Federal Rules of Civil Procedure ("Rule 54").  (Dkt. Nos. 86, 89.)  The motions are fully briefed.  (Dkt. Nos. 90, 95, 97.)  For the reasons that follow, Plaintiff's motion for a new trial is denied and Defendants' motion for a bill of costs is granted in part and denied in part.

## II.     BACKGROUND

Familiarity with the procedural and factual background of this case is presumed, and portions of the background are recited only where necessary to decide the pending motions.

## III.    PLAINTIFF'S RULE 59 MOTION

Plaintiff argues a new trial is warranted because (1) he was precluded from offering expert testimony on the central issue of the case while Defendants were allowed to present heavily biased fact and expert testimony from Habshi; (2) the verdict was against the weight of the evidence; and (3) defense counsel made improper comments during opening and closing statements which unfairly influenced the jury's verdict.  (Dkt. No. 89-2.)  Defendants oppose the motion, and Plaintiff has replied.  (Dkt. Nos. 95-5, 97.)

### A.      Legal Standard

Rule 59 provides that, after a jury trial, a court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  Generally, a district court should grant a motion for a new trial where, in its opinion, the jury has reached a "seriously erroneous result" or the verdict is a "miscarriage of justice."  *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1998) (quoting *Song v. Ives Labs., Inc.*, 957 F.2d 1041, 1047 (2d Cir. 1992)).  Grounds for a new trial include

that (1) the verdict is against the clear weight of the evidence; (2) the trial court was not fair; (3) substantial errors occurred in the admission or rejection of evidence or the giving or refusal of jury instructions; and (4) excessive damages.  *Utica Mut. Ins. Co. v. Century Indem. Co.*, 419 F. Supp. 3d 449, 466-67 (N.D.N.Y. 2019) (citation omitted).

A new trial is also warranted where "opposing counsel's conduct causes prejudice to that party . . . thereby unfairly influencing its verdict."  *Tesser v. Bd. of Educ. of the City Sch. Dist. of New York*, 370 F.3d 314, 321 (2d Cir. 2004) (citations omitted).  The totality of the circumstances must be considered, "including the nature of the comments, their frequency, their possible relevance to the real issue before the jury, [and] the manner in which the parties and the court treated the comments."  *Hopson v. Riverbay Corp.*, 190 F.R.D. 114, 122 (S.D.N.Y.1999) (internal quotation marks omitted).

"[I]n addressing a Rule 59 motion, the court may independently weigh the evidence presented at trial to determine whether the jury's verdict is seriously erroneous or resulted in a miscarriage of justice."  *Edwards v. Schrader-Bridgeport Int'l., Inc.*, 205 F. Supp. 2d 3, 8 (N.D.N.Y. 2002) (quotation marks and citation omitted).  "In doing so, the court 'is afforded considerable discretion.'"  *Id.*; *see also Dotson v. City of Syracuse*, No. 5:04-CV-1388 (NAM/GJD), 2011 WL 817499, at *11 (N.D.N.Y. Mar. 2, 2011) ("The standard for granting such a motion is high and rulings on motions under Rule 59(a) are committed to the sound discretion of the district court.") (quotation marks and citation omitted).

A trial court has considerable discretion in determining whether or not evidence is admissible.  *See Barrett v. Orange Cty. Human Rights Comm'n*, 194 F.3d 341, 346 (2d Cir. 1999).  A new trial on the basis of improper evidentiary rulings will be granted only where the improper rulings "affect[] a substantial right of the moving party."  *Mem'l Drive Consultants,*

3

*Inc. v. ONY, Inc.*, 29 F. App'x 56, 61 (2d Cir. 2002) (summary order) (citing *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 55 (2d Cir. 1993)). Whether an evidentiary error implicates a substantial right depends on "the likelihood that the error affected the outcome of the case." *Malek*, 994 F.2d at 55. Additionally, "[i]t is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).

    **B.    Analysis**

After carefully considering the matter, the Court denies Plaintiff's Rule 59 motion. Initially, and as pointed out by Defendants, for the bulk of Plaintiff's arguments, he fails to cite to any transcript or record from the trial to support them. (*See generally* Dkt. No. 89-2.) These "unsupported contentions . . . are insufficient to justify the grant of a new trial." *AMW Materials Testing, Inc. v. Town of Babylon*, No. 01 CV 4245 (ADS) (ETB), 2008 WL 11449231, at *18 (E.D.N.Y. Mar. 13, 2008); *see also Robinson v. Ballard*, 9:13-CV-01213 (TWD), 2019 WL 4686355, at *3 (N.D.N.Y. Sept. 26, 2019). Nevertheless, the Court has considered each of Plaintiff's arguments and will address them in the same order as presented by Plaintiff.

    **1.    Expert Testimony**

Plaintiff first argues a new trial is warranted because (1) this Court, in a pretrial motion *in limine* ruling, precluded Plaintiff from calling Ken Cooper ("Cooper") as an expert and allowed Habshi to testify both as an expert and fact witness; and (2) Habshi's strong partiality toward Defendants and advocacy for Ogden, combined with the lack of a curative or limiting instruction regarding his dual role as witness, may have improperly influenced and/or confused the jury. (Dkt. No. 89-2 at 13-16.) Plaintiff also contends Habshi was evasive and non-responsive during

cross examination.  *Id.*; *see also* Dkt. No. 97.  Defendants respond that (1) the Court's pretrial *in limine* rulings were adequately supported and well within the Court's discretion to decide evidentiary matters; and (2) neither the fact that Habshi was an interested witness nor the absence of a limiting instruction—to which Plaintiff did not propose or raise an objection—is grounds for a new trial.  (Dkt. No. 95-5 at 10-15.)

First, the Court finds the preclusion of Plaintiff's proposed expert testimony by Cooper does not warrant a new trial.  A district court has "broad discretion" to carry out the *Daubert* gatekeeping function and ensure expert testimony is reliable and relevant.  *See In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 658 (2d Cir. 2016).  While Plaintiff faults the Court's pretrial ruling for relying on the fact that Cooper has never been a police officer or arrested anyone (Dkt. No. 89-2 at 15), the Court thoroughly considered all of Cooper's training and experience in determining he was not qualified to testify as an expert about the use of non-lethal force by a police officer to effectuate a lawful arrest at the scene of a domestic dispute (*see* Dkt. No. 74).  Plaintiff makes no showing that the exclusion of Cooper's testimony affected a substantial right by likely affecting the outcome of the case.  *See Malek*, 994 F.2d at 55; *see also* Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence . . . is ground for granting a new trial.").  Moreover, Plaintiff does not raise any new legal arguments or authority to support his contention that Cooper's testimony should have been allowed.  As noted above, it is well-settled that Rule 59 "is not a vehicle for relitigating old issues . . . or otherwise taking a second bite at the apple."  *Sequa Corp.*, 156 F.3d at 144.

Second, the Court finds Plaintiff has not shown Habshi's "dual role" as a fact and expert witness resulted in the jury reaching a seriously erroneous result or a miscarriage of justice.  Initially, Plaintiff's complaints that Habshi and Ogden are friends and therefore Habshi was an

"interested" witness are not grounds for a new trial. As Plaintiff notes, the evidence at trial indicated that Habshi and Ogden were colleagues, socialized together, and traveled to the trial together. (*See* Dkt. No. 89-2 at 14.) The jury was free to take into account the relationship between Habshi and Ogden when assessing Habshi's credibility and the weight to which his testimony was entitled. In considering a Rule 59 motion for a new trial, moreover, a court should "rarely disturb a jury's evaluation of a witness's credibility." *DLC Mgmt. Corp.*, 163 F.3d at 134 (citations omitted).

Plaintiff also argues a curative or limiting instruction should have been given to help the jury differentiate between Habshi's expert and fact testimony. (Dkt. No. 89-2 at 15.) As Defendants note, however, Plaintiff failed to include a curative instruction in his proposed jury instructions, stated he had no issues with the jury charges during the charge conference, and otherwise failed to object to the absence of an instruction regarding Habshi's dual role as expert and fact witness. (*See* Dkt. No. 95-5 at 14-15.) Moreover, to the extent a motion for a new trial is premised on an objection to a jury instruction, Rule 51 of the Federal Rules of Civil Procedure ("Rule 51") requires the movant to have raised that objection before the jury retires to preserve the objection. *See Brenner v. World Boxing Council*, 675 F.2d 445, 456 (2d Cir. 1982), *cert. denied*, 459 U.S. 835 (1982). As noted, Plaintiff made no such objection.

However, Rule 51 provides, in pertinent part, that "[a] court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights." Fed. R. Civ. P. 51(c), (d). As such, "to establish plain error, [the movant] must show there was (1) error (2) that is plain and (3) that affects substantial rights." *U.S. v. Cossey*, 632 F.3d 82, 86-87 (2d Cir. 2011) (citations omitted). The error should be corrected only if it "seriously affects the fairness, integrity, or public reputation of the judicial

proceedings." *Id.* at 87 (citations and punctuation omitted). "The plain error doctrine should only be invoked with extreme caution in the civil context." *Feeley v. City of New York*, 362 F. Supp. 3d 153, 160 (S.D.N.Y. 2019) (citation and quotation marks omitted). "To constitute plain error, a court's action must contravene an established rule of law and the substantial right affected must go to the very essence of the case." *Id.* (citations and internal punctuation omitted).

Here, there is no such error. A jury instruction is erroneous, and a new trial warranted, only if it misleads a jury as to the correct legal standard or does not adequately inform the jury on the law. *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir. 1994). Moreover, an omission in jury instructions is less likely to be prejudicial than a misstatement of the law. *Lore v. City of Syracuse*, 670 F.3d 127, 156 (2d Cir. 2012). Plaintiff has not shown the jury instructions were legally incorrect, led to any jury confusion, or caused any prejudice. Therefore, Plaintiff has failed to show that the absence of a curative instruction regarding Habshi's dual role resulted in a seriously erroneous result or a miscarriage of justice. *See DLC Mgmt. Corp.*, 163 F.3d at 133.

Based on the foregoing, the Court finds no error in the preclusion of Cooper's testimony, Habshi's testimony as both a fact and expert witness, and/or the absence of a jury instruction regarding Habshi's "dual role" as a fact and expert witness. Therefore, a new trial is not warranted on these grounds.

### 2. Weight of the Evidence

Plaintiff next argues a new trial is warranted because the verdict was against the weight of the evidence. (Dkt. No. 89-2 at 16-18.) Generally, Plaintiff argues the testimony and evidence at trial disproved the notion that Plaintiff was choking Gina Canale ("Canale") at the time Ogden entered the residence and he attempts to cast doubt on Defendants' evidence. *See id.*

7

Defendants respond that the verdict was consistent with the evidence and argue Plaintiff's motion is based on post-trial subjective credibility assessments. (Dkt. No. 95-5 at 15-19.)

Here, the Court finds Plaintiff has not come forth with evidence which shows the jury reached a seriously erroneous result or the verdict was a miscarriage of justice. Plaintiff largely argues his evidence was more credible than Defendants' evidence. However, as noted above, a court should "rarely disturb a jury's evaluation of a witness's credibility." *DLC Mgmt. Corp.*, 163 F.3d at 134 (citations omitted); *see also Mugavero v. Arms Acres, Inc.*, 680 F. Supp. 2d 544, 558-59 (S.D.N.Y. 2010) ("In weighing the evidence, however, the Court should not ordinarily ignore the jury's role in resolving factual disputes and assessing witness credibility.") (internal quotation marks and citation omitted). Accordingly, the Court declines to disturb the jury's findings on this basis.

Moreover, to the extent Plaintiff argues the verdict goes against the weight of the evidence because the evidence disproved the notion that he was choking Canale, this argument is unavailing. As pointed out by Defendants, the ultimate question of the reasonableness of the force used by Ogden does not turn on whether or not Plaintiff was in fact choking Canale nor the precise placement of Plaintiff's hand or hands around her neck. (Dkt. No. 95-5 at 16-18.) The Court has thoroughly reviewed Plaintiff's arguments and exhibits in this regard and finds that Plaintiff has not come forward with any evidence to show that the jury reached a seriously erroneous result or that the verdict was a miscarriage of justice. *See Manley v. AmBase Corp.*, 337 F.3d 237, 244 (2d Cir. 2003). In fact, in other submissions to the Court, Plaintiff submits the litigated "issues were close." (*See* Dkt. No. 90 at 1.)

Accordingly, Plaintiff has not demonstrated the verdict goes against the weight of the evidence and the Court declines to disturb the jury's findings on this basis and order a new trial.

### 3. Statements Made by Defense Counsel

Plaintiff contends statement made by defense counsel during his opening and closing statements were prejudicial and require a new trial. (Dkt. No. 89-2 at 19-21.) Specifically, Plaintiff complains that (1) during opening statements, defense counsel stated the Court had already determined Hansen's arrest was "constitutional and legitimate" and (2) during closing statements, defense counsel stated Ogden had worked his way up the ranks and implied that an adverse verdict would harm his career and also asked the jury to consider what "message" their verdict would send to law enforcement personnel more generally. *See id.* Plaintiff agues defense counsel's reference to his "constitutional and *legitimate*" arrest was not relevant to any of the issues in the case, was substantially prejudicial because of the "risk" the jury would place undue emphasis on the Court's order, and was "misleading" because it implied that there was "nothing wrong with the arrest." *Id*. at 20 (emphasis in original). Plaintiff further contends the comment was "misplaced" because no evidence relating to the dismissal of the false arrest claim was ever introduced into evidence. *Id*. As to the challenged remarks during defense counsel's summation, Plaintiff contends the comments at issue were "naked attempts to appeal to the passion of the jurors and were designed to generate sympathy for Ogden." *Id*. at 21.

A court may order a new trial on the basis of attorney misconduct when, *inter alia*, "the conduct of counsel in argument causes prejudice to the opposing party and unfairly influences a jury's verdict." *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 540 (2d Cir. 1992). "[I]n evaluating a motion for a new trial based on counsel's alleged misconduct, the court must consider such a claim in the context of the trial as a whole, examining, among other things, the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, and the manner in which the parties and the

court treated the comments." *Graham v. City of New York*, 128 F. Supp. 3d 681, 698 (E.D.N.Y. 2015) (internal citations and quotation marks omitted). "Determining if counsel's conduct was so improper as to warrant a new trial is committed to the sound discretion of the trial judge." *Id*. As the Second Circuit has recognized, the trial court holds a "superior vantage point when evaluating the possible impact of the alleged prejudicial conduct" as "[a] printed record is unable to replicate in full all the circumstances–for example, tones of voices, demeanor of witnesses and jurors and the like–that occur in the course of an unfolding trial." *Pappas*, 963 F.2d at 540.

"The relevant inquiry in assessing undue prejudice is whether there is a 'reasonable probability' that the jury's verdict was influenced by the improper conduct of counsel." *Claudio*, 955 F. Supp. 2d at 156 (quoting *Chang v. City of Albany*, 150 F.R.D. 456, 459 (N.D.N.Y. 1993)). "[R]arely will an attorney's conduct so infect a trial with undue prejudice or passion as to require reversal." *Marcic v. Reinauer Transp. Companies*, 397 F.3d 120, 124 (2d Cir. 2005) (internal quotation marks omitted).

Taking into consideration the totality of the circumstances, the Court finds a new trial is not warranted based on defense counsel's statements. At the beginning of the trial, the jury was instructed that "statements, arguments, and questions by the lawyers are not evidence." (Dkt. No. 95-2 at 4.) As to the challenged remarks made during defense's counsel opening statement, that "[t]his Court has already determined that that arrest was constitutional and legitimate," to which Plaintiff's counsel did not object, the Court finds the statement was not unduly prejudicial or confusing, and thus does not provide a basis for a new trial. As pointed out by Defendants, inasmuch as Plaintiff's counsel attempted to "justify and legitimize" his October 23, 2016, conduct, by devoting most of his opening statement describing the history of events leading up to Hansen's arrest, it was critically important that the jury understand that the issues of whether

10

Plaintiff was lawfully arrested was not an issue before them. (Dkt. No. 95-5 at 21-22.) Additionally, during his summation, Plaintiff's counsel explained that "what's not at issue in this case is whether the arrest was lawful. You're not deciding that." (Dkt. No. 95-4 at 77.)

As to the challenged statements made during defense's counsel summation, concerning "messages" the jury's verdict would "send" to Ogden and police officers generally, and any impact a verdict may have on Ogden's career and legacy, Plaintiff's counsel objected, and the objections were sustained. (Dkt. No. 95-4 at 61, 62.) No additional statements of this type were made by defense counsel. On the other hand, Plaintiff's counsel began his summation as follows:

> Ladies and gentlemen of the jury, let me tell you what this case is not about. This case is not about Peyton Ogden's police career and whether he's been successful or whether he's moved on to become a state trooper and the tarnish this lawsuit might put on his career. This has nothing to do with that. This case doesn't have anything to do with sending messages to police in general, and Mr. Hansen isn't suing police in general. He's not suing the law enforcement of the United States of America. He's not putting police departments on trial. He's not asking you to send a message to anyone except Peyton Ogden for bashing him up. . . .
>
> This case is about what happened on October 23 of 2016, and it's about that and the six months after that when Mr. Hansen had to endure the injuries, the bruising, the inability to sleep in his own bed, because that man right there sitting at that table, all 245 pounds of him, decided to get on top of him and beat him while he's unconscious. That's what this case is about. It's not about his police career.

*Id*. at 62-63.

In addition to sustaining the above-noted objections during defense counsel's summation, at the conclusion of the trial, the jury was instructed that the closing statements of counsel were not evidence. (Dkt. No. 95-4 at 81.) The jury was also instructed that "in deciding the facts of this case, you must not be swayed by feelings of bias, prejudice, or sympathy towards any

11

party[.]" *Id*. at 80.  The jury was instructed that "every person has the constitutional right not to be subjected to excessive force while being arrested, even where the arrest is otherwise lawful." (Dkt. No. 95-4 at 93.)  Here, there is no indication the jury was unable to follow these instructions.  *See C.C. by and through Camarata v. Polaris Industries, Inc.*, No. 14-CV-0975 (GTS/TWD), 2018 WL 3031848, at *3 (N.D.N.Y. June 19, 2018) ("A jury is presumed to follow the instructions given by the Court and Plaintiff has not shown any evidence to suggest that the jury failed to properly follow these instructions when considering Plaintiff's claims.").  Thus, even assuming *arguendo* that defense counsel's remarks were improper, the Court finds any potential prejudice was cured by the jury instructions.  *See Pappas*, 963 F.2d at 540 ("Some misconduct is *de minimis* in the context of the entire trial, and some is promptly dealt with by the trial court's rulings and curative instructions."); *see also Claudio*, 955 F. Supp. 2d at 149 (noting that a warning to counsel, a sustained objection, and/or a curative instruction may sufficiently counteract any risk of prejudice posed by attorney misconduct).

Accordingly, given the totality of the circumstances, a new trial is not warranted based on defense counsel's statements.

For all the foregoing reasons, the Court denies Plaintiff's Rule 59 motion for a new trial.

## IV. DEFENDANTS' MOTION FOR A BILL OF COSTS

As the prevailing party in this action, Defendants seek costs in the total amount of $1720.98.  (Dkt. No. 86.)  Plaintiff opposes the motion.  (Dkt. No. 90.)

### A. Legal Standard

Rule 54 allows the Court to award the prevailing party its costs.  Fed. R. Civ. P. 54(d)(1); *see also* N.D.N.Y. L.R. 54.1(a).  The term "costs" as used in Rule 54 includes the specific items enumerated in 28 U.S.C. § 1920.  *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (citations

omitted). As a threshold matter, the prevailing party must establish to the court's satisfaction that the taxation of costs is justified. *Dedjoe v. Esper*, No. 1:15-CV-1170 (TJM), 2019 WL 697824, at *6 (N.D.N.Y. Feb. 19, 2019) (citing *John and Kathryn G. v. Board of Ed. of Mt. Vernon Public Schools*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995)). "After the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, that party enjoys a presumption that its costs will be awarded." *Id.* (quoting *Natural Organics, Inc. v. Nutraceutical Corp.*, 2009 WL 2424188, at *2 (S.D.N.Y. Aug. 6, 2009) (quotation marks and citations omitted)).

"[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception. For this reason, the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Whitfield*, 241 F.3d at 270 (citations omitted). A district court has authority to review, adjust, or deny an award of costs, and that decision "is committed to the sound discretion of the district court." *Cosgrove v. Sears, Roebuck, & Co.*, 191 F.3d 98, 102 (2d Cir. 1999) (quotation marks and citation omitted).

**B.     Analysis**

As noted, Defendants seek costs in the amount of $1720.98, which is the combination of $400.00 for fees of the Clerk, $170.00 for service of summons and subpoena, $1049.50 for printed or electronically recorded transcripts, and $101.48 for witness fees. (Dkt. No. 86.) Each is a specific item enumerated in 28 U.S.C. § 1920 and Defendants have provided documentation supporting their sought-after costs. *Id.* Thus, Defendants are presumptively entitled to these costs under Rule 54. *See Dizak v. Hawks*, No. 9:15-CV-1171 (TJM), 2020 WL 204297, at *7

(N.D.N.Y. Jan. 13, 2020) (citing *Natural Organics*, 2009 WL 2424188, at *2) ("After the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, that party enjoys a presumption that its costs will be awarded."). Despite this presumption, the Court can deny taxation of costs if Plaintiff meets his burden of demonstrating that some or all the costs should not be taxed. *See id*.

Generally, Plaintiff argues the costs sought by the Defendants should be rejected because, *inter alia*, Plaintiff litigated the matter in "good faith" and the "issues were close." (Dkt. No. 90 at 1.[1]) Plaintiff asserts the taxable costs would cause financial hardship,[2] and notes Ogden likely has no responsibility for any incurred costs and that Warren County, a taxing municipal entity with significant resources, was likely responsible for all costs. *Id*.

Regardless, as to the removal fee, Plaintiff submits he already paid $210.00 to commence this action in Supreme Court, Warren County, and argues he should not have to pay an additional $400.00 "to reimburse the Defendants for their discretionary choice of forum decision." *Id*. at 2. As to the depositions, Plaintiff states he already paid $150.00 for the January 24, 2018, deposition of John LaBombard ("LaBombard"), and has submitted evidence of same, and asserts he should not have to pay twice for the deposition transcript.[3] Relative to the pre-

---

[1] The Court notes Plaintiff also references his pending motion for a new trial. (Dkt. No. 90 at 1.) However, for reasons explained above, that motion is denied. *See* Part III., *supra*. Additionally, in this District, an appeal does not stay a motion for a bill of costs or the timeframe within which the prevailing party may seek costs. N.D.N.Y. L.R. 54.1(a). The Local Guidelines state, in relevant part, that "[u]nless otherwise ordered by the District Court, or the Circuit Court of Appeals pursuant to [Fed. R. App. P.] 8, the filing of an appeal shall not stay the taxation of costs, entry of judgment thereon, or the judgment." *See* Local Guidelines I.F.2.

[2] Specifically, Plaintiff states that he lost his job as a corrections officer and several months of pay in part because of his arrest on charges which were dismissed and, therefore, should not have to reimburse Defendants any amount of money. (Dkt. No. 90 at 1.)

[3] Specifically, Plaintiff suggests that if Defendants wanted a copy of LaBombard's deposition, they should have requested a free copy from Plaintiff, and he would have provided a copy of the deposition free of charge (as Plaintiff's counsel did with both Ogden's and Habshi's deposition

commencement 50h hearing, held June 1, 2017, Plaintiff argues, upon information and belief, there is no law providing that a state law notice of claim examination is a taxable cost in a federal action. *Id*. As to Hansen's post-commencement examination, held April 10, 2018, Plaintiff argues he paid his share of the deposition in the amount of $209.00, and has submitted evidence of same, and asserts Defendants are seeking a "windfall." *Id*.

Here, as to the imposition of costs generally, the Court finds Plaintiff has not met his burden to establish he is entitled to an exception to the normal rule of taxation. While Plaintiff believes the litigated "issues were close" and the jury reached the wrong conclusion, "a party's resolute stance in his position, even after a contrary jury conclusion, does not make the case so close that costs should not be taxed. Otherwise, every case brought in good faith would avoid taxation of costs, making Rule 54 meaningless." *Dedjoe v. Esper*, 2019 WL 697821, at *8; *see also Dash v. Montas*, 17-CV-515 (PKC/RER), 2020 WL 2198175, *1 (E.D.N.Y. May 6, 2020) ("The filing of an action in good faith does not, by itself, compel the denial of costs.") (citing, *inter alia*, *Castro v. City of New York*, No. 10-CV-4898 (NG/VVP), 2014 WL 4659293, at *3 (E.D.N.Y. Sept. 17, 2014)).

"Moreover, even if the Court were to assume that the amount sought by Defendants would represent some degree of financial difficulty for Plaintiff, the Court is not obliged to deny costs on this basis alone." *Kane v. City of Ithaca*, No. 3:18-CV-0074 (ML), 2020 WL 372747, at *3 (N.D.N.Y. Jan. 22, 2020) (citations omitted); *see also Burchette v. Abercrombie & Fitch Stores, Inc.*, 08-CV-8786, 2010 WL 3720834, at *5 (S.D.N.Y. Sept. 22, 2010) (notwithstanding its acceptance of the plaintiff's "modest financial circumstances," the court refused to deny the

---

transcripts). The Court notes, however, both Ogden and Habshi were named as parties to this action, whereas LaBombard was not.

defendants' recovery of more than $2,000 in costs)); *see also Zulu v. Barnhart*, No. 9:16-CV-1408 (MAD/ML), 2019 WL 4544420, at *1 (N.D.N.Y. Sept. 19, 2019) ("Although a court may deny costs because of the losing party's indigency, indigency *per se* does not automatically preclude an award of costs.").

Turning to Plaintiff's specific objections, among the items listed in 28 U.S.C. § 1920(1) as taxable costs are "fees of the clerk," which the Local Guidelines describes as including the "[f]iling fee for a complaint, removal, or habeas corpus petition filed in federal court[.]" Local Guidelines II.B.a. Thus, the Court finds Defendants are entitled to the $400.00 removal fee. *See Kane*, 2020 WL 32747, at *5 (granting the defendants' motion for costs and taxing the plaintiff the $400.00 removal fee).

As to "fees for printed or electronically recorded transcripts necessarily obtained for in use in the case," considering Plaintiff's specific objections and the equitable considerations discussed above, the Court exercises its discretion and reduces the costs from $1049.50 to $430.00. The Court arrives at this amount by starting with Defendants' requested amount $1049.50, and subtracts from it $410.50 (Plaintiff's June 1, 2017, pre-commencement 50(h) hearing) and $209.00 (the amount of Plaintiff's share of the April 10, 2018, deposition that Plaintiff already paid). As to the deposition of LaBombard, a non-party, the Court finds the transcript fee in the amount of $139.75 to be reasonable. Plaintiff does not specifically challenge the requested fees to secure Canale's testimony at trial, which the Court also finds reasonable.

Accordingly, Defendants' motion for a bill of costs is granted in part and denied in part. The amount of costs owed to Defendants by Plaintiff is reduced from $1720.98 to $1101.48.

## V.    CONCLUSION

Accordingly, for the reasons discussed above, it is hereby

**ORDERED** that Plaintiff's motion for a new trial (Dkt. No. 89) is **DENIED**; and it is further

**ORDERED** that Defendants' motion for a bill of costs (Dkt. No. 86) is **GRANTED IN PART AND DENIED IN PART** such that costs are awarded to Defendants from Plaintiff in the amount of $1101.48.

**SO ORDERED.**

Dated: August 20, 2020
Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge